UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joel Karnitz and Tanya Karnitz,

      Plaintiffs,

v.                                                          Civil No. 07-1807 (JNE/RLE)
                                                            ORDER

Wells Fargo Bank, N.A.,

      Defendant.

Thomas F. Miller, Esq., Thomas F. Miller, P.A., appeared for Plaintiffs Joel Karnitz and Tanya Karnitz.

Charles F. Webber, Esq., Faegre & Benson LLP, appeared for Defendant Wells Fargo Bank, N.A.

After Wells Fargo Bank, N.A., foreclosed their mortgage by advertisement, Joel Karnitz and Tanya Karnitz, husband and wife, brought this action in state court seeking declarations that the mortgage is invalid and that the foreclosure and sheriff's certificate of sale are null and void. Wells Fargo Bank removed the action on the basis of diversity jurisdiction and now moves for summary judgment. The Karnitzes oppose the bank's motion and assert that summary judgment in their favor is appropriate. Although the Karnitzes did not file a motion, Wells Fargo Bank does not object to consideration of the Karnitzes' request for summary judgment. For the reasons set forth below, the Court grants summary judgment in favor of the Karnitzes.

## I.    BACKGROUND

The parties agree that there are no genuine issues of material fact. The Karnitzes bought land in northern Minnesota and built a house on it. To finance the house's construction, the Karnitzes borrowed money from and mortgaged their property to Centennial National Bank. The Karnitzes and Centennial National Bank contemplated satisfaction of the construction loan upon

1

the house's completion by the Karnitzes securing financing from another lender and executing a traditional mortgage. Centennial National Bank set up the refinancing through Wells Fargo Home Mortgage, Inc.

In January 2002, Wells Fargo Home Mortgage made a loan to pay off the Karnitzes' construction loan. Joel Karnitz executed a Note payable to Wells Fargo Home Mortgage and a Mortgage. Although the Mortgage defines "Borrower" as "Joel Karnitz and Tanya Karnitz, husband and wife," Tanya Karnitz signed neither the Mortgage nor the Note. At her deposition, she testified that she never spoke to anyone about signing the documents and that she had no contact with Wells Fargo Home Mortgage before the refinancing. Nevertheless, she testified that she knew and approved of the refinancing, knew that her husband was going to sign loan documents, and wanted the refinancing. She also testified that she probably would have signed the Mortgage had Wells Fargo Home Mortgage asked. Payments to Wells Fargo Home Mortgage were made from the Karnitzes' joint account.

In April 2005, the Karnitzes filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code. In accompanying schedules, the Karnitzes represented under penalty of perjury that Wells Fargo Home Mortgage held a first mortgage on their homestead and that the Mortgage was a joint obligation. In August 2005, the Karnitzes received their discharge in bankruptcy. Unsecured claims substantially exceeded assets in the bankruptcy estate available to unsecured creditors.

A few months after the Karnitzes emerged from bankruptcy, payments on the Note became past due. Wells Fargo Bank[1] commenced foreclosure proceedings and ultimately

---

[1] When Joel Karnitz executed the Note and Mortgage, Wells Fargo Home Mortgage was separate from Wells Fargo Bank. In its memorandum of law, Wells Fargo Bank asserts that

foreclosed the Mortgage executed by Joel Karnitz in January 2007. In the meantime, Joel Karnitz learned in the middle of 2006 that the Mortgage, to be valid, required the signature of his wife. Shortly after the foreclosure sale, the Karnitzes brought this action.

## II.   DISCUSSION

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies its burden, the party opposing the motion must respond by submitting evidentiary materials that "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

In this diversity action, the Court applies Minnesota law. *See Depositors Ins. Co. v. Wal-Mart Stores, Inc.*, 506 F.3d 1092, 1094 (8th Cir. 2007). In applying Minnesota law, the Court is bound by decisions of the Minnesota Supreme Court. *See Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006); *David v. Tanksley*, 218 F.3d 928, 930 (8th Cir. 2000).

With exceptions not relevant here, Minnesota law provides that "[i]f the owner is married, no conveyance of the homestead . . . shall be valid without the signatures of both

---

Wells Fargo Home Mortgage is now a division of Wells Fargo Bank. In their Complaint, the Karnitzes describe Wells Fargo Bank as the "original mortgagee's successor in interest."

3

spouses." Minn. Stat. § 507.02 (2006). For purposes of section 507.02, a mortgage is a conveyance. *Id.* § 507.01. Here, it is undisputed that Joel Karnitz and Tanya Karnitz are and were at the time of the Mortgage married, that Joel Karnitz mortgaged the Karnitzes' homestead, and that Tanya Karnitz did not sign the Mortgage. Notwithstanding the failure to secure Tanya Karnitz's signature on the Mortgage, Wells Fargo Bank asserts that estoppel by ratification and judicial estoppel prevent the Karnitzes from asserting the Mortgage's invalidity. The Karnitzes maintain that Wells Fargo Bank's arguments are unavailing.

*Estoppel by ratification*

Wells Fargo Bank's first argument, estoppel by ratification, conflates distinct concepts of Minnesota law. *See Dvorak v. Maring*, 285 N.W.2d 675, 677 (Minn. 1979); *Anderson v. First Nat'l Bank of Pine City*, 228 N.W.2d 257, 259-60 (Minn. 1975); *Law v. Butler*, 47 N.W. 53, 54 (Minn. 1890) ("Of course the maker may estop himself from asserting the facts which render [a deed] void, but that is a different thing from ratification."). With exceptions not relevant here, where an owner is married, a conveyance of the homestead without the signatures of both spouses is void. *Dvorak*, 285 N.W.2d at 677; *Marr v. Bradley*, 59 N.W.2d 331, 333 (Minn. 1953); *Butler Bros. Co. v. Levin*, 207 N.W. 315, 315-16 (Minn. 1926); *Alt v. Banholzer*, 40 N.W. 830, 830 (Minn. 1888). If void, the conveyance cannot be ratified.[2] *Dvorak*, 285 N.W.2d at 677; *Anderson*, 228 N.W.2d at 259-60; *Law*, 47 N.W. at 54. A party may nevertheless be estopped from asserting the conveyance's invalidity. *Dvorak*, 285 N.W.2d at 677; *Anderson*, 228 N.W.2d at 260; *Butler Bros.*, 207 N.W. 315, 316 (Minn. 1926); *Bullock v. Miley*, 158 N.W. 244, 244

---

[2] Where the conveyance is one for the sale of a homestead, the conveyance, though void under section 507.02, may be confirmed or adopted by, for example, the tender of a deed signed by both spouses. *Marr*, 59 N.W.2d at 334-35; *Lennartz v. Montgomery*, 164 N.W. 899, 900 (Minn. 1917). The confirmation or adoption does not ratify the void conveyance. *Anderson*, 228 N.W.2d at 259-60; *Marr*, 59 N.W.2d at 509-10.

4

(Minn. 1916); *Law*, 47 N.W. at 54.[3]  Accordingly, to the extent Wells Fargo Bank argues that it is entitled to summary judgment because Tanya Karnitz ratified the Mortgage, the Court rejects the argument.  The Court considers the bank's arguments to determine whether the Karnitzes are estopped from asserting the Mortgage's invalidity.

Wells Fargo Bank contends that estoppel applies because Tanya Karnitz knew and approved of the refinancing, knew that her husband was going to sign loan documents, wanted the refinancing, and probably would have signed the Mortgage had Wells Fargo Home Mortgage asked.  The Court rejects this argument.  Under Minnesota law, an oral promise to give a mortgage on a couple's homestead by one spouse does not give rise to an estoppel.  *Kingery v. Kingery*, 241 N.W. 583, 584-85 (Minn. 1932); *Butler Bros.*, 207 N.W. at 316.  In *Kingery*, the Minnesota Supreme Court noted that *Butler Bros.* had "held that an oral promise by the wife to give security on the homestead would not be given effect as an estoppel, because so to do would contravene the homestead statute."  *Kingery*, 241 N.W. at 585.  In *Butler Bros.*, the Minnesota Supreme Court noted the necessity of formal written consent of both spouses:

> The law is that a promise, representation, or concealment, in order to constitute an estoppel, even when relied upon, must 'have reference to a present or past state of things.' . . .
>
> To this rule it is stated that there is an exception 'where the statement relates to an intended abandonment of an existing right, and is made to influence others who have in fact been influenced by it.'  We decline to allow that exception in this case, because it would be so clearly in contravention of our statute, which renders any attempted alienation of the homestead of a married owner, not executed by both spouses, not unenforceable merely but void.  It is a statute which courts are bound to regard 'in equity as well as at law.'  It is 'not a mere rule of

---

[3] In *Wells Fargo Home Mortgage, Inc. v. Chojnacki*, 668 N.W.2d 1 (Minn. Ct. App. 2003), the Minnesota Court of Appeals concluded that the respondent had not ratified a mortgage that was void under section 507.02 and that estoppel, as an equitable remedy, should not be applied to circumvent section 507.02's signature requirement.  668 N.W.2d at 5.  To the extent *Chojnacki* states that a conveyance that is void under section 507.02 may be ratified and that estoppel does not apply to section 507.02, the Court declines to follow *Chojnacki* because it is inconsistent with cases issued by the Minnesota Supreme Court.

5

>evidence, but a limitation of judicial authority to afford a remedy.' If statutory limitations upon judicial action were to be so disregarded, the purpose of the lawmaking power, which here is to protect the homestead from creditors, would be thwarted, and the door opened to the very thing which the Legislature intended to prevent, an alienation of the homestead without the formal written consent of both husband and wife. It is not for judicial power so to thwart legislative purpose.

*Butler Bros.*, 207 N.W. at 316 (citations omitted). In this case, Tanya Karnitz never promised to sign the Mortgage, and Wells Fargo Home Mortgage never asked her to sign it. Given that a promise to mortgage a homestead by one spouse does not give rise to an estoppel, Tanya Karnitz's knowledge of and support for the Mortgage do not estop the Karnitzes from asserting the Mortgage's invalidity. *See Fuller v. Johnson*, 165 N.W. 874, 875 (Minn. 1917) ("We do not say that mere acquiescence, or silence . . . would constitute an estoppel by conduct, or equitable estoppel.").

Wells Fargo Bank also argues that the Karnitzes are estopped from asserting the Mortgage's invalidity because Tanya Karnitz accepted the benefits of the loan made by Wells Fargo Home Mortgage. Neither advancement of money to another to pay the purchase price of a homestead nor advancement of money to pay a mortgage on a homestead gives rise to a lien on the homestead, "unless given by written mortgage or security executed by both husband and wife, if both are living." *Kingery*, 241 N.W. at 585. Accordingly, the Court rejects Wells Fargo Bank's second estoppel argument. *Cf. Anderson*, 228 N.W.2d at 260 ("[W]e held that because plaintiff's alleged agent used the proceeds of the loan in question to pay off plaintiff's mortgage, plaintiff was never in a position to accept or reject the proceeds and thus could not be estopped from repudiating the loan agreement.").

Finally, Wells Fargo Bank maintains that estoppel applies because Tanya Karnitz approved of payments made from the Karnitzes' joint checking account. The Court rejects this argument. *Cf. Dvorak*, 285 N.W.2d at 677 (concluding that wife's endorsement of earnest

6

money check did not satisfy section 507.02's signature requirement with regard to contract for sale of homestead); *Craig v. Baumgartner*, 254 N.W. 440, 442 (Minn. 1934) ("Rather the signature was on an instrument which apparently was executed on the theory that the prior conveyance . . . was valid.  This would be a somewhat remote basis for working an estoppel against the plaintiff.").

In short, section 507.02 unambiguously required Tanya Karnitz's signature on the Mortgage.  No facts that would render estoppel appropriate appear.  *Cf. Butler Bros.*, 207 N.W. at 316 ("It is argued that we have recognized estoppel against the wife in the case of a homestead.  We have, but in no such manner as is now invoked.").  Wells Fargo Home Mortgage engaged in a standard refinancing.  The Mortgage plainly identified the Karnitzes as a married couple, but Wells Fargo Home Mortgage did not contact Tanya Karnitz in connection with the execution of the Mortgage, let alone obtain her signature on it.  On this record, application of estoppel would nullify the plain statutory requirement of section 507.02.  *Cf. Dvorak*, 285 N.W.2d at 678 ("We have recognized that detrimental reliance by the party seeking relief is critical to a finding of estoppel.").  The Court concludes that the Karnitzes are not estopped, under Minnesota law, from asserting the Mortgage's invalidity.  *Cf. First Nat'l Bank of St. Paul v. Ramier*, 311 N.W.2d 502, 504 (Minn. 1981) (declining to impose constructive trust where bank, "clearly in a more advantageous bargaining position," could have, but did not, required security for loan or obtained signature on promissory note of potential joint tenant).

*Judicial estoppel*

Wells Fargo Bank asserts that the Karnitzes are judicially estopped from denying the Mortgage's validity because they represented in their bankruptcy that Wells Fargo Home Mortgage held a first mortgage on their homestead and that the Mortgage was a joint obligation.

State law applies to the issue of judicial estoppel. *St. Paul Fire & Marine Ins. Co. v. Compaq Computer Corp.*, 457 F.3d 766, 771 (8th Cir. 2006); *Monterey Dev. Corp. v. Lawyer's Title Ins. Corp.*, 4 F.3d 605, 608-09 (8th Cir. 1993). The Minnesota Supreme Court has repeatedly declined to recognize judicial estoppel. *State v. Pendleton*, 706 N.W.2d 500, 507 (Minn. 2005); *Ill. Farmers Ins. Co. v. Glass Serv. Co.*, 683 N.W.2d 792, 800-01 (Minn. 2004); *State v. Larson*, 605 N.W.2d 706, 713 n.11 (Minn. 2000); *State v. Profit*, 591 N.W.2d 451, 462 (Minn. 1999); *see St. Paul Fire & Marine Ins.*, 457 F.3d at 771 ("Minnesota courts have yet to adopt this doctrine."). Even if judicial estoppel were available, Wells Fargo Bank concedes that "judicial estoppel does not apply when a debtor's 'prior position was taken because of a good-faith mistake rather than as part of a scheme to mislead the court.'" *Stallings v. Hussman Corp.*, 447 F.3d 1041, 1049 (8th Cir. 2006) (quoting *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996)). Here, there is no evidence that the Karnitzes took their position with respect to the Mortgage during their bankruptcy as part of a scheme to mislead. The Karnitzes learned of section 507.02's signature requirement after their bankruptcy discharge. Accordingly, the Court concludes that judicial estoppel does not apply.[4] *See id.*; *John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 29 (4th Cir. 1995) ("The vice which judicial estoppel prevents is the cold manipulation of the courts to the detriment of the public interest. It is inappropriate, therefore, to apply the doctrine when a party's prior position was based on inadvertence or mistake.").

---

[4] Wells Fargo Bank and the Karnitzes have raised the possibility of reopening the Karnitzes' bankruptcy. *See* 11 U.S.C. § 350(b) (2000); Fed. R. Bankr. P. 5010. The Court expresses no opinion on this issue.

8

### III. CONCLUSION

In short, the Court concludes that the Mortgage is void and that ratification, estoppel, or judicial estoppel, under Minnesota law, do not apply in this case to prevent the Karnitzes from asserting the Mortgage's invalidity. The Court therefore denies the Wells Fargo Bank's motion and grants the Karnitzes' request for summary judgment. The Mortgage and foreclosure sale are void.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Wells Fargo Bank's Motion for Summary Judgment [Docket No. 13] is DENIED.

2. The Karnitzes' request for summary judgment is GRANTED.

3. The Mortgage granted to Wells Fargo Home Mortgage on January 21, 2002, executed by Joel Karnitz on the same date, and recorded as document number 276747 by the Hubbard County Recorder on January 22, 2002, is VOID.

4. Wells Fargo Bank's foreclosure of the Mortgage by advertisement pursuant to a sheriff's sale conducted by the Hubbard County Sheriff on January 17, 2007, is VOID.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 10, 2008

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge